UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>v.<br><br>QUE'LIN JONES,<br><br>           Defendant. | CAUSE NO. 3:19-CR-60-DRL-MGG |

OPINION & ORDER

Que'lin Jones, proceeding *pro se*, seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A) due to the COVID-19 pandemic and his personal risk factors. Age 19, Mr. Jones already has an extensive criminal history and lacks any medical condition denoted "high-risk" by the Centers for Disease Control and Prevention. His motion must accordingly be denied.

BACKGROUND

In June 2019, an off-duty law enforcement officer working security at a bar surveilled its parking lot after being notified of an individual with a firearm. The officer saw Mr. Jones holding a firearm with an extended magazine and arrested him. Mr. Jones said he borrowed the firearm to confront a person who had just robbed him. He eventually pleaded guilty to possessing a firearm unlawfully as a felon. *See* 18 U.S.C. § 922(g)(1). The court sentenced him to 51 months imprisonment, followed by two years of supervised release.

In reaching its sentence, the court calculated Mr. Jones' guideline range (51 to 63 months) and considered the sentencing factors under 18 U.S.C. § 3553(a). Notably, Mr. Jones fell into the highest criminal history category (VI) at only 19 years old. He received a sentence at the bottom of the range. The court found it necessary to impose a sentence of imprisonment given the ineffectiveness of his

past correctional treatment—including probation, home monitoring, juvenile detention, and day reporting. None deterred his other criminal conduct. Given all the sentencing factors under 18 U.S.C. § 3553(a), a higher sentence was unnecessary to promote federal sentencing goals.

Mr. Jones is currently serving his term of imprisonment at the Chicago Metropolitan Correctional Center (MCC). He has been there since March 13, 2020. He has served approximately eleven months. He has a projected good conduct release date of February 12, 2023. His home detention eligibility date is September 11, 2022. While at MCC Chicago, Mr. Jones has been treated by a physician for various medical conditions. He is prescribed medication for his gastroesophageal reflux disease without esophagitis, which causes heartburn and reflux. He is concerned about COVID-19 inside MCC Chicago.

At last review, MCC Chicago had eight active prisoner COVID-19 cases, five active staff cases, no prisoner or staff deaths, 133 recovered prisoners, and 26 recovered staff members. *See* Fed. Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/ (last visited July 17, 2020).

## STANDARD

Under 18 U.S.C. § 3582(c)(1)(A), federal courts are permitted to reduce a defendant's term of imprisonment upon a motion by the Director of the Bureau of Prisons (BOP) or by a defendant (1) after he has exhausted all administrative rights to appeal the BOP's decision not to bring a motion on the defendant's behalf, or (2) when thirty days have lapsed since such a request is received by the warden of the defendant's facility, whichever date is earlier. If exhausted, compassionate release is only available when "extraordinary and compelling reasons warrant such a reduction" (or when the defendant is at least 70 years of age, among other requirements), 18 U.S.C. § 3582(c)(1)(A)(i)-(ii), the sentencing factors under 18 U.S.C. § 3553(a) support it, and any reduction is "consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A). *See also United States v. Council*, 2020 U.S. Dist. LEXIS 102779, 10 (N.D. Ind. June 11, 2020) (Springmann, J.).

Mr. Jones bears the burden of showing he is entitled to compassionate release. *See id.*; *United States v. Jones*, 2020 U.S. Dist. LEXIS 123449, 4 (N.D. Ind. July 14, 2020) (Simon, J.).

## DISCUSSION

As an initial requirement, Mr. Jones must have exhausted his administrative remedies before seeking compassionate release here. "The Seventh Circuit Court of Appeals has not decided whether § 3582(c)(1)(A)'s exhaustion requirement is jurisdictional, but it did decide that a failure to meet the requirements of § 3582(c)(2) did not prevent a court from having jurisdiction over a motion made under that subsection." *United States v. Santiago*, 2020 U.S. Dist. LEXIS 108253, 6 (N.D. Ind. June 19, 2020) (Van Bokkelen, J.) (citing *United States v. Taylor*, 778 F.3d 667, 670-71 (7th Cir. 2015)). "Thus, the exhaustion requirement of § 3582(c)(1)(A) is a claim-processing rule and not a jurisdictional rule that would deprive the court of jurisdiction if not met." *Council*, 2020 U.S. Dist. LEXIS 102779 at 10; *see also Santiago*, 2020 U.S. Dist. LEXIS 108253 at 6 ("the Court can adjudicate Defendant's motion regardless of whether the exhaustion requirement is satisfied").

The parties disagree whether Mr. Jones exhausted his administrative remedies. Mr. Jones never explains in his original motion how he requested relief from the BOP. His subsequent letter to the court says, "I have not been able to speak with [the] warden directly but I have wrote him a letter and it was said to be [] up to my district judge so it left me no other option but to write you again. I have exhausted my administrative remedies upon trying to seek compassionate release" (ECF 58). Mr. Jones can bring his motion after thirty days have passed from "the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). Thirty days have passed since Mr. Jones' request to the warden seems to have been rejected.

Even assuming Mr. Jones exhausted his administrative remedies, he hasn't shown extraordinary or compelling reasons to justify compassionate release. The sentencing guidelines enumerate four categories for the court to consider in assessing extraordinary and compelling

circumstances: (1) his medical condition, (2) his age, (3) his family circumstances, and (4) any other reason left to the discretion of the BOP Director. U.S.S.G. § 1B1.13 app. n.1(A)-(D). Though § 1B1.13 has not been updated since the First Step Act was amended in December 2018, federal courts continue to use it to guide their decisions for compassionate release. *See Council*, 2020 U.S. Dist. LEXIS 102779 at 6-7); *see also United States v. McGraw*, 2019 U.S. Dist. LEXIS 78370, 6 (S.D. Ind. May 9, 2019) (Magnus-Stinson, J.) ("While that particular policy statement has not yet been updated to reflect that defendants (and not just the BOP) may move for compassionate release, courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the 'extraordinary and compelling reasons' that may warrant a sentence reduction.").

Mr. Jones' primary reason for requesting compassionate release is his concern with the COVID-19 pandemic. This federal district has considered the following factors when assessing compassionate release requests in the face of the COVID-19 pandemic: (1) the specificity of the defendant's COVID-19 concerns, (2) whether the defendant has a medical condition that makes him especially susceptible to the dangers of COVID-19, (3) the age of the defendant, and (4) the extent that the defendant's release would mitigate or aggravate the COVID-19 pandemic. *United States v. Stewart*, 2020 U.S. Dist. LEXIS 110114, 3-4 (N.D. Ind. June 23, 2020) (DeGuilio, J.). The mere presence of COVID-19 in the defendant's facility is not alone enough to justify compassionate release. *See United States v. Downing*, 2020 U.S. Dist. LEXIS 93865, 3 (C.D. Ill. May 29, 2020).

These considerations bear equally here. Mr. Jones claims he is at a high risk of severe illness or death from COVID-19 due to his "on and off" heart problems, for which he takes medication. Prison records show that, on May 5, 2020, Mr. Jones was prescribed a seven-day round of medication to treat gastroesophageal reflux disease without esophagitis. Gastroesophageal reflux disease is not listed as an underlying medical condition that would create an increased risk of severe illness from COVID-19. *See* Ctrs. for Disease Control and Prev.*, People Who Are at Increased Risk for Severe Illness,*

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited July 17, 2020). Mr. Jones hasn't argued any other specific high-risk factors or provided any medical records of other health conditions. Given that Mr. Jones is but 19 years old, he isn't more susceptible to the dangers of COVID-19 than the average person.

Even more, MCC Chicago is not currently experiencing a serious outbreak of COVID-19 infections, and indeed has addressed and weathered past infections with seeming success. The BOP lists only eight active prisoner infections and five active staff-member infections. *See* Fed. Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/ (last visited July 17, 2020). 133 prisoners have recovered. The current active number remains relatively low indicating that the prison has managed to contain the virus. The BOP has proven dynamic in addressing the pandemic and implementing protocols for inmate and staff safety, as well as acting prudently under the CARES Act as it has deemed appropriate. For Mr. Jones, MCC Chicago is also only a "holdover" facility pending his move to a permanent facility.

Mr. Jones claims his fiancée, Latwauna Lawrence, has been infected with the coronavirus and that Mr. Jones should be released to care for their child (his non-biological daughter) while Ms. Lawrence recovers. The guidelines only contemplate compassionate release when the "death or incapacitation of the caregiver of the defendant's minor child" occurs. U.S.S.G. § 1B1.13. According to the CDC, when someone is infected with COVID-19, he or she may resume contact with others ten days after symptoms first appeared. *See* Ctrs. for Disease Control and Prev*., When You Can be Around Others After You Had or Likely Had COVID-19*, https://www.cdc.gov/coronavirus/2019-ncov/if-you-are-sick/end-home-isolation.html (last visited July 17, 2020). The time for Ms. Lawrence has since passed, so presumably she has resumed contact with and care of her child. There isn't any evidence on this record that she remains incapacitated. To the extent she may be more vulnerable to the virus, given her respiratory infections, infected kidneys, and kidney failure, Mr. Jones provides no

documentation to support this or that she hasn't otherwise recovered. He hasn't met his burden. *See United States v. Cheek,* 2020 U.S. Dist. LEXIS 113700, 2-3 (N.D. Ind. June 29, 2020) (Simon, J.).

At this point, release would also be inconsistent with U.S.S.G. § 1B1.13(2) (requiring the defendant to not be a danger to the safety of the community) and the 18 U.S.C. § 3553(a) sentencing factors. Mr. Jones has only served approximately 11 months of his 51-month sentence and he still has over two years until he is eligible for home release. While he may be a non-violent offender, his criminal history is extensive for a 19 year old, increasing the risk of recidivism if Mr. Jones is released. His past non-imprisonment sentences have largely been unsuccessful in assuring his compliance with the law. Thus, the court cannot be so assured his release would effectively satisfy the considerations of 18 U.S.C. § 3553(a). Quite the opposite, early release would not promote his respect for the law, properly provide just punishment, or afford adequate deterrence to his criminal conduct, which his current sentence is designed to achieve.

## CONCLUSION

Mr. Jones hasn't demonstrated that extraordinary and compelling reasons exist to warrant a sentence reduction, or that any such reduction would prove consistent with federal sentencing goals under 18 U.S.C. § 3553(a) or the applicable policy statements of the Sentencing Commission. Accordingly, the court DENIES Mr. Jones' motion for compassionate release (ECF 52). Given the sensitive nature of the information provided in the government's response brief, the court GRANTS its motion to seal its response (ECF 56).

SO ORDERED.

July 21, 2020                                                               *s/ Damon R. Leichty*
                                                                            Judge, United States District Court

Cc: Q. Jones