UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:19-CR-60-DRL-MGG |
| QUE'LIN JONES, | |
| Defendant. | |

OPINION & ORDER

Que'lin Jones, proceeding *pro se*, once again seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A) due to the COVID-19 pandemic and his personal risk factors. Mr. Jones previously filed a motion under § 3582(c)(1)(A), which the court denied (ECF 61). Mr. Jones was then held at Chicago MCC. He is now being held at FCI Butner. The court denies his new motion.

BACKGROUND

On March 13, 2020, Mr. Jones began serving his term of imprisonment at the Chicago Metropolitan Correctional Center (MCC). In August 2020, the government temporarily transferred Mr. Jones from Chicago MCC to the Grady County Detention Center in Oklahoma. On August 27, 2020, the government transferred Mr. Jones from the Grady County Detention Center to FCI Butner Medium 1 in North Carolina. He has a projected good conduct release date of February 12, 2023. His home detention eligibility date is September 11, 2022. He was concerned about COVID-19 inside Chicago MCC, (ECF 52), and he now raises concerns about COVID-19 inside the Grady County Detention Center and FCI Butner (ECF 70; 75). His concerns about COVID-19 inside the Grady County Detention Center are moot since he has been transferred to FCI Butner. Therefore, the court

will focus on the COVID-19 conditions inside FCI Butner based on Mr. Jones' letter that was filed on October 5, 2020 (ECF 75).

## STANDARD

Under 18 U.S.C. § 3582(c)(1)(A), federal courts are permitted to reduce a defendant's term of imprisonment upon a motion by the Director of the Bureau of Prisons (BOP) or by a defendant (1) after he has exhausted all administrative rights to appeal the BOP's decision not to bring a motion on the defendant's behalf, or (2) when thirty days have lapsed since such a request is received by the warden of the defendant's facility, whichever date is earlier. If exhausted, compassionate release is only available when "extraordinary and compelling reasons warrant such a reduction" (or when the defendant is at least 70 years of age, among other requirements), 18 U.S.C. § 3582(c)(1)(A)(i)-(ii), the sentencing factors under 18 U.S.C. § 3553(a) support it, and any reduction is "consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A). *See also United States v. Jones*, 2020 U.S. Dist. LEXIS 128246, 3 (N.D. Ind. July 21, 2020) (Leichty, J.); *United States v. Council*, 2020 U.S. Dist. LEXIS 102779, 10 (N.D. Ind. June 11, 2020) (Springmann, J.). Mr. Jones bears the burden of showing he is entitled to compassionate release. *United States v. Jones*, 2020 U.S. Dist. LEXIS 123449, 4 (N.D. Ind. July 14, 2020) (Simon, J.).

## DISCUSSION

As an initial requirement, Mr. Jones must have exhausted his administrative remedies before seeking compassionate release here. "The Seventh Circuit Court of Appeals has not decided whether § 3582(c)(1)(A)'s exhaustion requirement is jurisdictional, but it did decide that a failure to meet the requirements of § 3582(c)(2) did not prevent a court from having jurisdiction over a motion made under that subsection." *United States v. Santiago*, 2020 U.S. Dist. LEXIS 108253, 6 (N.D. Ind. June 19, 2020) (Van Bokkelen, J.) (citing *United States v. Taylor*, 778 F.3d 667, 670-71 (7th Cir. 2015)). "Thus, the exhaustion requirement of § 3582(c)(1)(A) is a claim-processing rule and not a jurisdictional rule

2

that would deprive the court of jurisdiction if not met." *Council*, 2020 U.S. Dist. LEXIS 102779 at 10; *see also Santiago*, 2020 U.S. Dist. LEXIS 108253 at 6 ("the Court can adjudicate Defendant's motion regardless of whether the exhaustion requirement is satisfied").

Mr. Jones explains: "On June 8, 2020, I transmitted my request to the warden of the MCC Chicago and FCI Butner via mail and although the BOP has yet to rule on my request (and 30 days have passed) in light of the time-sensitive nature of this application I'm filing this motion now so that the court has an opportunity to review this matter as quickly as possible." (ECF 70 at 4). Mr. Jones can bring his motion after thirty days have passed from "the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). More than thirty days have passed since Mr. Jones mailed his request to the warden at FCI Butner, and it likely was received.

Even assuming Mr. Jones exhausted his administrative remedies, he hasn't shown extraordinary or compelling reasons to justify compassionate release. The sentencing guidelines enumerate four categories for the court to consider in assessing extraordinary and compelling circumstances: (1) his medical condition, (2) his age, (3) his family circumstances, and (4) any other reason left to the discretion of the BOP Director. U.S.S.G. § 1B1.13 app. n.1(A)-(D). Though § 1B1.13 has not been updated since the First Step Act was amended in December 2018, federal courts continue to use it to guide their decisions for compassionate release. *See Council*, 2020 U.S. Dist. LEXIS 102779 at 6-7; *see also United States v. McGraw*, 2019 U.S. Dist. LEXIS 78370, 6 (S.D. Ind. May 9, 2019) (Magnus-Stinson, J.) ("While that particular policy statement has not yet been updated to reflect that defendants (and not just the BOP) may move for compassionate release, courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the 'extraordinary and compelling reasons' that may warrant a sentence reduction.").

Mr. Jones' primary reason for requesting compassionate release is his concern with the COVID-19 pandemic. This federal district has considered the following factors when assessing

3

compassionate release requests in the face of the COVID-19 pandemic: (1) the specificity of the defendant's COVID-19 concerns, (2) whether the defendant has a medical condition that makes him especially susceptible to the dangers of COVID-19, (3) the age of the defendant, and (4) the extent that the defendant's release would mitigate or aggravate the COVID-19 pandemic. *United States v. Stewart*, 2020 U.S. Dist. LEXIS 110114, 3-4 (N.D. Ind. June 23, 2020) (DeGuilio, J.). The mere presence of COVID-19 in the defendant's facility isn't alone enough to justify compassionate release. *See United States v. Downing*, 2020 U.S. Dist. LEXIS 93865, 3 (C.D. Ill. May 29, 2020).

These considerations bear equally here. Mr. Jones asserts, "Although I don't suffer many medical issues that CDC established besides hypertension, could warrant death, home confinement in lieu of remaining in prison would achieve the medically necessary steps to protect myself and fellow inmates from the wide spread of the novel coronavirus (COVID-19)." (ECF 70 at 1). The court remains sympathetic to Mr. Jones' condition, but Mr. Jones recognizes that his health problems are "non-serious." According to the Centers for Disease Control and Prevention, adults with hypertension only "might be at an increased risk for severe illness from the virus that causes COVID-19." *See* Ctrs. for Disease Control and Prev*., People Who Are at Increased Risk for Severe Illness,* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited Nov. 20, 2020); *see also United States v. Melgarejo*, 2020 U.S. Dist. LEXIS 83157, 8-9 (C.D. Ill. May 12, 2020) (denying compassionate release to a 36-year-old defendant with hypertension who was concerned about COVID-19). Mr. Jones also says he has a "breathing issue" and lost his inhaler, (ECF 75 at 1), but he hasn't provided specificity of this condition, provided any medical records of this or other health conditions, or shown that he cannot obtain another inhaler. Mr. Jones is only 20 years old, so his age doesn't put him at high risk of facing serious COVID-19 complications.

The BOP says 345 tests for COVID-19 have been administered to inmates at Butner Medium I FCI, and 183 of those tests have been positive.[1] *See* Fed. Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/ (last visited Nov. 20, 2020). Although COVID-19 is certainly present at FCI Butner, the mere presence of COVID-19 is not enough to justify compassionate release for Mr. Jones, *Downing*, 2020 U.S. Dist. LEXIS 93865 at 3, particularly when his medical condition and age don't suggest that he is especially susceptible to the dangers of COVI-19, *Stewart*, 2020 U.S. Dist. LEXIS 110114 at 3-4. *See also United States v. Collins*, 2020 U.S. Dist. LEXIS 81286, 5 (C.D. Ill. May 8, 2020) (Myerscough, J.) ("the COVID-19 pandemic does not warrant the release of every federal prisoner with health conditions that makes him more susceptible to the disease"). Furthermore, the BOP is carefully monitoring the spread of COVID-19 and modifying their operations plan to prevent the continued spread of the virus, having implemented contagion-prevention protocols. Mr. Jones hasn't indicated that he isn't otherwise segregated from other inmates with COVID-19.

As discussed in the court's previous order denying Mr. Jones' first motion under 18 U.S.C. § 3582(c)(1)(A), release would also be inconsistent with U.S.S.G. § 1B1.13(2) (requiring the defendant to not be a danger to the safety of the community) and the 18 U.S.C. § 3553(a) sentencing factors. Mr. Jones has only served approximately 9 months of his 51-month sentence and he still has about two years until he is eligible for home release. While he may be a non-violent offender, his criminal history is extensive for a 20-year-old, increasing the risk of recidivism if Mr. Jones is released. His past non-imprisonment sentences have largely been unsuccessful in assuring his compliance with the law. Thus, the court cannot be assured his release would effectively satisfy the considerations of 18 U.S.C. § 3553(a). Quite the opposite, early release would not promote his respect for the law, properly provide

---

[1] The number of positive tests is not equal to the number of cases as some people may have been tested multiple times.

just punishment, or afford adequate deterrence to his criminal conduct, which his current sentence is designed to achieve.

## CONCLUSION

Mr. Jones hasn't demonstrated that extraordinary and compelling reasons exist to warrant a sentence reduction, or that any such reduction would prove consistent with federal sentencing goals under 18 U.S.C. § 3553(a) or the applicable policy statements of the Sentencing Commission. Accordingly, the court DENIES Mr. Jones' motion for compassionate release (ECF 70).

SO ORDERED.

November 23, 2020                           *s/ Damon R. Leichty*
                                            Judge, United States District Court

Cc: Q. Jones