UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:19-CR-60-DRL-MGG |
| QUE'LIN JONES, | |
| Defendant. | |

## OPINION & ORDER

Que'lin Jones, proceeding *pro se*, seeks resentencing under 28 U.S.C. § 2255. Mr. Jones argues that his lawyer did not have enough time to prepare for his sentencing hearing, his sentence unfairly considered his juvenile history, the sentencing was difficult for the judge, and he did not receive enough of a downward departure in his sentence for assistance. The government responded. The court now denies the motion.

## BACKGROUND

In June 2019, an off-duty law enforcement officer working security at a bar surveilled its parking lot after being notified of an individual with a firearm. The officer saw Mr. Jones holding a firearm with an extended magazine and arrested him. Mr. Jones said he borrowed the firearm to confront a person who had just robbed him. He eventually pleaded guilty to possessing a firearm unlawfully as a felon. *See* 18 U.S.C. § 922(g)(1). The court sentenced him to 51 months imprisonment, followed by two years of supervised release.

In reaching its sentence, the court calculated Mr. Jones' guideline range (51 to 63 months) and considered the sentencing factors under 18 U.S.C. § 3553(a). Notably, Mr. Jones fell into the highest criminal history category (VI) at only 19 years old. He nonetheless received a sentence at the bottom of the range. The court found it necessary to impose a sentence of imprisonment given the

ineffectiveness of his past correctional treatment—including probation, home monitoring, juvenile detention, and day reporting. None deterred his criminal conduct. Given all the sentencing factors under 18 U.S.C. § 3553(a), a higher sentence was unnecessary to promote federal sentencing goals.

On March 13, 2020, Mr. Jones began serving his term of imprisonment at the Chicago Metropolitan Correctional Center (MCC). In August 2020, the government temporarily transferred Mr. Jones from Chicago MCC to the Grady County Detention Center in Oklahoma. On August 27, 2020, the government transferred Mr. Jones from the Grady County Detention Center to FCI Butner Medium 1 in North Carolina. Mr. Jones has a projected good conduct release date of February 12, 2023. His home detention eligibility date is September 11, 2022.

## STANDARD

In extraordinary situations, the court may vacate, set aside, or correct a prisoner's sentence. 28 U.S.C. § 2255(a); *Hays v. United States*, 397 F.3d 564, 566-567 (7th Cir. 2005). The writ of habeas corpus is secured in Article I, § 9, cl. 2 of the United States Constitution: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." Historically, criminal defendants subject to a final conviction were entitled to habeas relief only if the court that rendered the judgment lacked jurisdiction. *Ex parte Watkins*, 28 U.S. 193, 202 (1830). The writ has since been expanded to provide prisoners relief from various violations of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2255(a); *Danforth v. Minnesota*, 552 U.S. 264, 272-73 (2008); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Such writ, however, is not a substitute for direct appeal. *Doe v. United States*, 51 F.3d 693, 698 (7th Cir. 1995).

When reviewing a petition under 28 U.S.C. § 2255, the court should examine the entire record, the motion, and other files. The court should hold an evidentiary hearing when the petitioner alleges facts that, if proven, would entitle him to relief. *Torres-Chavez v. United States*, 828 F.3d 582, 586 (7th Cir. 2016); *see also* 28 U.S.C. § 2255(b). He must do this through a detailed and specific sworn affidavit,

2

which is a threshold requirement to an evidentiary hearing. *Kafo v. United States*, 467 F.3d 1063, 1067 (7th Cir. 2006). Allegations that are "vague, conclusory, or palpably incredible" rather than detailed and specific aren't good enough to entitle a petitioner to an evidentiary hearing. *Machibroda v. United States*, 368 U.S. 487, 495 (1962). Likewise, when the motion and records conclusively show that the petitioner is not entitled to relief, the court needn't hold an evidentiary hearing. *See Boulb v. United States*, 818 F.3d 334, 339 (7th Cir. 2016). That is the case here.

## DISCUSSION

A. *Mr. Jones Cannot Establish a Violation of His Sixth Amendment Right to the Effective Assistance of Counsel.*

The Sixth Amendment to the United States Constitution guarantees a defendant the right to counsel. That includes the right to the effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). To show a violation of this right, a defendant must show that (1) his counsel's representation "fell below an objective standard of reasonableness," and (2) "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688 & 694 (1984). "A defendant's failure to satisfy either prong is fatal to his claim." *Ebbole v. United States*, 8 F.3d 530, 533 (7th Cir. 1993). "Even though sentencing does not concern the defendant's guilt or innocence, ineffective assistance of counsel during a sentencing hearing can result in *Strickland* prejudice because any amount of [additional] jail time has Sixth Amendment significance." *Lafler v. Cooper*, 566 U.S. 156, 165 (2012) (internal quotations omitted).

Here, Mr. Jones asserts that he was given a new lawyer, Anthony Kowals, before his sentencing hearing. Mr. Kowals had three weeks to review the case before the hearing. Mr. Jones and Mr. Kowals met three times during that three-week period; but Mr. Jones says "those meetings were not regarding anything about my pre-sentence report" (ECF 62 at 11). However, while at the hearing, Mr. Jones told the court under oath that he had read the presentence report and discussed it with Mr. Kowals. Because Mr. Jones' statement in open court carries "a strong presumption of verity," *Blackledge v.*

3

*Allison*, 431 U.S. 63, 73-74 (1977), the court gives no weight to his statement now that his meetings with Mr. Kowals didn't include any discussion about the presentence report.

Mr. Jones further says Mr. Kowals made objections at the hearing but that Mr. Kowals "did not have enough time to argue our objections in motions" (ECF 62 at 11). However, Mr. Kowals did in fact file supplemental objections to the presentence report's criminal history calculation detailing Mr. Jones' objections (ECF 41). Mr. Jones was also heard on those objections at the sentencing hearing. Nothing indicates that the presentation of objections was subpar (indeed, it was well presented) or that more time would have changed any outcome. Therefore, the court also dismisses the notion that Mr. Kowals didn't adequately consider Mr. Jones' objections.

Because the court analyzes Mr. Kowals' performance under the presumption that it was reasonably proficient, *Galbraith v. United States*, 313 F.3d 1001, 1008 (7th Cir. 2002), and because Mr. Jones' contentions to the contrary lack any merit, the court dismisses the first ground of Mr. Jones' motion.

> B.   *Mr. Jones Failed to Preserve Any Challenge to his Criminal History Calculation and Cannot Show Any Violation on this Ground.*

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1988) (internal quotations omitted).

While Mr. Jones complains that he "was given 4 years in federal adult prison based all off of [his] juvenile history," (ECF 62 at 11), he failed to preserve any challenge to the calculation of his criminal history by not raising such a challenge on direct appeal. Furthermore, Mr. Jones makes no claim that there was cause or prejudice for his default or that he is actually innocent.

Aside from the procedural default, Mr. Jones' argument lacks merit because the sentencing guidelines recommend that the sentencing court assess criminal history points for juvenile history. *See*

4

U.S.S.G. §§ 4A1.1 app. n.2, 4A1.2(d)(A), 4A1.1 app. n.3; 4A1.2(d)(B). The court adjusted his criminal history points down one point based on the objection. No more was required. The court denies the second ground of Mr. Jones' motion.

> C. *Mr. Jones Failed to Preserve Any Challenge to the Sentence and Cannot Show Any Violation on this Ground.*

Mr. Jones argues that the knowledge of his case was too "difficult to [the judge] and [the judge] not knowing 100% what to do he chose to do what he felt" (ECF 62 at 12). Mr. Jones failed to preserve any challenge on this basis by not raising it on direct appeal. He also makes no claim that there was cause or prejudice for his default or that he is actually innocent.

Even if Mr. Jones hadn't defaulted on this argument, it wouldn't be successful on the merits because the court reviewed the 18 U.S.C. § 3553(a) factors at length and sentenced Mr. Jones to 51 months of imprisonment, which was within the guidelines range (ECF 66 at 41). *See United States v. Armand*, 856 F.3d 1142, 1146 (7th Cir. 2017) (reviewing court will "presume [a defendant's] sentence within the Guidelines range is reasonable."). Nor was the nature of this case too difficult for the court. The court sees numerous defendants charged with unlawfully possessing a firearm as a felon. The court denies habeas corpus relief for this third ground.

> D. *Mr. Jones Failed to Preserve Any Challenge to the Extent of his Downward Departure for Assistance and Cannot Show Any Violation on this Ground.*

Mr. Jones makes one final argument based on his assistance to the government (ECF 62 at 13). Yet once again, Mr. Jones failed to preserve any challenge on this basis by not raising it on direct appeal. He also makes no claim that there was cause or prejudice for his default or that he is actually innocent. This argument additionally fails on the merits because Mr. Jones agreed to the four-level departure proposed by the government at the time of sentencing, (ECF 65 at 5), and the court agreed with the departure as well (ECF 29; ECF 65 at 2-9). The court denies habeas relief here.

CONCLUSION

Petitions under 28 U.S.C. § 2255 are meant for extraordinary circumstances, when a defendant's imprisonment stems from a constitutional violation, not a last effort to avoid imprisonment or service of imprisonment for a crime. Mr. Jones' sentence of imprisonment wasn't the result of any constitutional violation. Accordingly, the court DENIES his motion to vacate his sentence (ECF 62) and GRANTS the motion to seal (ECF 72).

Under Section 2255 Habeas Corpus Rule 11, the court must also consider whether to grant or deny a certificate of appealability. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). When a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a petition is dismissed on the merits, the petitioner must show "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. Here, there is no basis for finding that reasonable jurists would debate the court's rulings on any of the grounds of Mr. Jones' petition. Accordingly, the court DENIES him a certificate of appealability.

SO ORDERED.

November 23, 2020    *s/ Damon R. Leichty*
                     Judge, United States District Court