UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:19-CR-60-DRL-MGG |
| QUE'LIN JONES, | |
| Defendant. | |

OPINION & ORDER

Que'lin Jones, proceeding *pro se*, filed an emergency motion to appoint counsel, reduce his sentence to time served, and impose a term of home confinement. Mr. Jones has previously filed two motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A), both of which the court has denied. Mr. Jones continues to be held at FCI Butner. The court denies this motion.

Mr. Jones "requests this court appoint counsel, direct the USPO to update the PSR, make supplemental findings of fact and reduce his time to time served and impose a period of home confinement as conditions of his supervised release" (ECF 82). Because the court has already ruled on two previous motions for compassionate release filed by Mr. Jones and because this new motion doesn't allege any new circumstances, the court construes this motion as one for reconsideration.

A motion to reconsider serves "a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (citations omitted). "A motion for reconsideration may be appropriate where the court has misunderstood a party, made a decision outside of the issues presented by the parties, made an error of apprehension, where a significant change in the law has occurred, or where significant new facts have been discovered." *Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011) (overruled on other grounds) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191

(7th Cir. 1990)). A reconsideration motion is not a vehicle to rehash soundly rejected arguments. *See, e.g., Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014).

Compassionate release is available when "extraordinary and compelling reasons warrant such a reduction," 18 U.S.C. § 3582(c)(1)(A)(i)-(ii), the sentencing factors support it, *see* 18 U.S.C. § 3553(a), and it is "consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A). *See also United States v. Jones*, 2020 U.S. Dist. LEXIS 128246, 3 (N.D. Ind. July 21, 2020); *United States v. Council*, 2020 U.S. Dist. LEXIS 102779, 3-4 (N.D. Ind. June 11, 2020).

In this motion, Mr. Jones says his "father Jiffrey Jones is an oxygen dependent individual with no one left to care for him" and this situation creates an extraordinary and compelling reason for a reduction in his sentence (ECF 82). Mr. Jones doesn't say these are new circumstances that hadn't already developed when he filed his previous two motions. Now isn't the time to offer additional reasons for release that could have been presented before. *See Kennedy v. Schneider Elec.*, 893 F.3d 414, 419 (7th Cir. 2018). Furthermore, Mr. Jones hasn't established that his father cannot care for himself or that he lacks other reasonable alternatives to care.

Even so, Mr. Jones hasn't exhausted his administrative rights to appeal to the Bureau of Prisons on this issue. *See* 18 U.S.C. § 3582(c)(1)(A). To be sure, he included in this latest motion a letter to the warden, but it says nothing about his father's circumstances to persuade the court that the Bureau of Prisons has had the opportunity to consider this request.

What is more, the policy statement from the sentencing guidelines contemplates release relating to family circumstances regarding a defendant's children, spouse, or partner. *See* U.S.S.G. § 1B1.13 app. n.1(C). The sentencing policy doesn't include as a basis for compassionate release the care of an incapacitated parent. Though the court sympathizes with the father's circumstances, the court heeds this policy guidance, *see United States v. Gunn*, 2020 U.S. App. LEXIS 36612, 5 (7th Cir. Nov. 20,

2

2020), not least because of the analysis of the 18 U.S.C. § 3553(a) factors that remain on this record unmoved.

Mr. Jones hasn't shown new or compelling circumstances that warrant compassionate release. Accordingly, the court DENIES Mr. Jones' motion (ECF 82).

SO ORDERED.

December 11, 2020                                        *s/ Damon R. Leichty*
                                                         Judge, United States District Court